Sam LANE, Jr., Plaintiff-Appellant,

v.

Jack A. HANBERRY, Warden, United
States Penitentiary, Atlanta, Georgia,
Defendant-Appellee.

No. 78–3177
Summary Calender.*

United States Court of Appeals,
Fifth Circuit.

April 20, 1979.

Sam Lane, Jr., pro se.

William L. Harper, U. S. Atty., Oliver B.
Dickins, Jr., Asst. U. S. Atty., Atlanta, Ga.,
for defendant-appellee.

Before CLARK, GEE and HILL, Circuit
Judges.

PER CURIAM:

Lane, an inmate of the United States
Penitentiary, Atlanta, Georgia, filed an ac-
tion for mandamus and declaratory relief,
asking that any and all records relating to
an adverse disciplinary ruling of the El
Reno Institution Discipline Committee, en-
tered after a hearing on April 15, 1975, be
expunged from his prison record. He ap-
peals from the District Court's dismissal of
his petition for failure to exhaust adminis-
trative remedies.

---

* Rule 18, 5 Cir., *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir.,
1970, 431 F.2d 409, Part I.

The evidence that Lane was advised of his right to an administrative appeal of the findings of the disciplinary committee within thirty days is uncontroverted. His twenty-one month delay in challenging their action clearly did not comport with the Bureau of Prisons' procedural requirements. Lane thus waived his right to an administrative appeal from the action taken by the disciplinary committee in April, 1975.[1] The District Court properly dismissed Lane's petition since he failed to exhaust his administrative prison remedies. *Thompson v. United States, Federal Prison Industries*, 492 F.2d 1082, 1084 n. 6 (5th Cir. 1974); *Paden v. United States*, 430 F.2d 882 (5th Cir. 1970).

Lane contends that even though he was advised of his right to an administrative appeal, his due process rights were violated by the failure to inform him of the full effect of his waiver of that administrative right, that is, that it would also foreclose his right to challenge the disciplinary ruling in a court of law. His argument is groundless, for detailed explanations of such consequences are not required even with regard to notice of the right to appeal after criminal convictions, much less after prison disciplinary proceedings. *Cf. United States v. Frontero*, 452 F.2d 406, 415 (5th Cir. 1971) (No validity in "the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a 'consequence,' within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted.")

AFFIRMED.

---

1. Lane offers no viable excuse for his failure to exercise his right to an administrative appeal. He asserts, however, that his subsequent acquittal of criminal charges relating to the stabbing incident which was the subject of his April, 1975, disciplinary hearing mandates the expungement he now seeks. The contention lacks merit. Different standards of proof apply to criminal proceedings and prison disciplinary hearings. The subsequent jury finding, acquitting Lane in the criminal prosecution for the stabbing incident, has no *per se* effect on the prior prison disciplinary finding that he committed the act.