**Levon Arnez PYLES, pro se,**
**Plaintiff-Appellant,**

v.

**Norman A. CARLSON, et al.,**
**Defendants-Appellees.**

**No. 81–7936**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1983.

Levon Arnez Pyles, pro se.

Ann C. Robertson, Asst. U.S. Atty., Frank W. Donaldson, U.S. Atty., Holly L. Wiseman, Asst. U.S. Atty., Birmingham, Ala., for defendants-appellees.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

Pyles, a federal prisoner, filed suit in district court against prison officials. The district court dismissed Pyles' first complaint as overbroad, with leave to amend. Pyles' amended complaint charged prison officials with illegally interfering with his mail and impeding his access to the courts and sought monetary and injunctive relief. Based on affidavits submitted by the defendants the district court granted defendant's motion for summary judgment. We affirm in part and reverse in part.

I.  Allegations Properly Dismissed on Motion for Summary Judgment

Two of Pyles' allegations—that defendants illegally opened a newsletter entitled "Sanity Now" and a letter from John Abt, an attorney—were properly dismissed because Pyles failed to exhaust prison grievance procedures. Federal prisoners are generally required to exhaust administrative remedies available to them. *See Kyle v. Hanberry,* 677 F.2d 1386, 1391–92 (11th Cir.1982); *Lane v. Hanberry,* 593 F.2d 648, 649 (5th Cir.1979); *Jones v. Carlson,* 495 F.2d 209, 210 (5th Cir.1974); *Thompson v. U.S.,* 492 F.2d 1082, 1084 (5th Cir.1974).

Other complaints were properly dismissed because they state no cognizable ground for relief: failure to supply Pyles franked envelopes for his legal mail; initial refusal of a secretary to notarize a legal

document; insufficiency of the prison legal aid program.

## II. Allegations Improperly Dismissed

█ Pyles alleges that defendants are engaged in a systematic effort to deny him adequate access to the courts. Some of the alleged incidents on which Pyles relies involve disputed issues of material fact; others raise legal issues that must be decided on a more developed record:

(1) That prison officials intentionally opened legal mail (a letter sent Pyles by the ACLU). Defendants say it was opened by accident. *See Taylor v. Sterrett,* 532 F.2d 462 (5th Cir.1976).

(2) That prison officials opened a box containing a trial transcript sent by Pyles' attorney. Defendants say it was not adequately identified as legal mail.

(3) That defendants intentionally delayed delivery of the trial transcript to Pyles.

(4) That legal materials available to Pyles in solitary confinement were so inadequate as to deny access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *McCray v. Sullivan,* 509 F.2d 1332, 1337 (5th Cir.1975); *Cruz v. Hauck,* 627 F.2d 710 (5th Cir.1980).

(5) That a non-lawyer who claimed to be a representative of the ACLU was improperly denied permission to see Pyles.

(6) That at a time when Pyles was under an imminent court deadline to file a brief the warden required him to work and thereby denied him use of the prison library with intention to frustrate Pyles' exercise of legal rights.

(7) That letters from Pyles to the media were destroyed.

AFFIRMED in part, REVERSED in part and REMANDED.