902 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy WALKER, Plaintiff-Appellant,
v.
Marjorie VAN OCHTEN, In her Individual and Official
Capacity, Defendant-Appellee.
 No. 89-1914.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and BARBARA K. HACKETT, District Judge.*
 
 ORDER
 
 2
 Roy Walker is a pro se Michigan prisoner who appeals from the district court's judgment that dismissed a civil rights case that he had filed under 42 U.S.C. Sec. 1983. Walker's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The complaint indicates that Walker lost good time and other benefits after being found guilty of escape at an administrative hearing. Walker alleged that the defendant violated his constitutional rights by refusing his request for a rehearing on this charge. The defendant moved to dismiss Walker's complaint, on the ground that Walker was not denied due process of law, and that his action was time-barred. Walker's case was referred to a magistrate who recommended that the defendant's motion to dismiss be granted. After considering Walker's objections, the district court entered an opinion and judgment that dismissed the case on different grounds on July 5, 1989. It is from this judgment that Walker now appeals.
 
 
 4
 Walker has also asked to supplement the record on appeal with a motion for summary judgment he tendered to the district court, but which the district court rejected because of non-conformity with a local rule. We now deny his request. Fed.R.App.P. 10(e).
 
 
 5
 Upon review, we also conclude that the district court properly granted the defendant's motion for dismissal for three reasons. First, Walker's civil rights action was barred by Michigan's three-year statute of limitations. See Mich.Comp.Laws Ann. Sec. 600.5805(8) (West Supp.1989); Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.), cert. denied, 479 U.S. 923 (1986). Second, Walker's claims for injunctive and declaratory relief were properly the subject of a habeas corpus petition rather than a civil complaint. See Dixon v. Alexander, 741 F.2d 121, 124-25 (6th Cir.1984). Finally, Walker's constitutional rights were not violated because his request for an administrative rehearing was not filed within thirty days as required by Mich.Comp.Laws Ann. Sec. 791.254(3) (West Supp.1989). See Lane v. Hanberry, 593 F.2d 648, 649 (5th Cir.1979).
 
 
 6
 Walker argues that the lateness of his request was excusable because he was transferred for "several months" during the thirty-day appeals period. However, this argument is not convincing as Walker had ample time to request reconsideration of his case before his transfer and because he waited more than a year after the disciplinary hearing before filing the administrative rehearing request that is the basis of this suit. Cf. Baker v. Raulie, 879 F.2d 1396, 1399-1400 (6th Cir.1989).
 
 
 7
 The district court's judgment dismissing his case is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation