**Douglas Gary HOUSLEY, Plaintiff,**

v.

**George KILLINGER, Defendant.**

**Civ. No. 90–289–FR.**

United States District Court,
D. Oregon.

Oct. 12, 1990.

Douglas Gary Housley, Sheridan, Or., pro se.

Charles H. Turner, U.S. Atty., Robert B. Ross, Asst. U.S. Atty., Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matters before the court are:

1) the motion (# 21–1) of defendants, George Killinger and the United States of America (the government), to dismiss the complaint of plaintiff, Douglas Gary Housley, for failure to exhaust administrative remedies or for failure to state a claim upon which relief can be granted; and

2) the alternative motion (# 21–2) of the government for summary judgment.

## BACKGROUND

Housley is a prisoner of the Federal Correction Institution located at Sheridan, Oregon (FCI Sheridan). Killinger is the prison warden. Housley alleges that Killinger has violated the rights guaranteed to him by the First, Fifth and Ninth Amendments to the United States Constitution. Housley claims that he is unable to have effective access to the federal courts because of the limited resources and accessibility of the law library at FCI Sheridan, the lack of available legal assistance and supplies for filing law suits, and because he is not permitted to keep a typewriter in his cell. Housley seeks $750,000 in damages.

## CONTENTIONS OF THE PARTIES

The government contends that the complaint should be dismissed because Housley has failed to exhaust his administrative remedies. The government also contends that because Killinger is entitled to qualified immunity for his actions, the complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the government seeks summary judgment against Housley because there is no genuine issue of material fact and the government is entitled to judgment as a matter of law.

Housley contends that he is not required to seek relief through administrative channels because the remedy he seeks, money damages, is not available through those channels. He also contends that he has stated a claim upon which relief can be granted because Killinger is not entitled to qualified immunity under the facts he has alleged. Housley opposes the motion of the government for summary judgment on the basis that issues of material fact remain which prohibit judgment for the government as a matter of law.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.*, 824 F.2d 735, 737 (9th Cir.1987).

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS AND RULING

*The Government's Motion to Dismiss for Failure to Exhaust Administrative Remedies*

The United States Bureau of Prisons has established administrative procedures to re-

dress the complaints of inmates about the conditions of their imprisonment. 28 C.F.R. § 542.10 provides that a prisoner must exhaust all avenues of administrative relief before he can bring an action in federal court. The remedies available through the administrative process do not include money damages. Housley has asserted a *Bivens* action in which he seeks $750,000 in damages. This remedy is not directly available through the administrative processes of the Bureau of Prisons.

■■■■ To state a cause of action under *Bivens*, a plaintiff must allege 1) the deprivation of a constitutionally protected right; 2) the absence of an effective means, other than the judiciary, by which to enforce that right; and 3) the necessity or appropriateness of money damages. *Brice v. Day*, 604 F.2d 664, 666 (10th Cir.1979). The determination of whether a claim satisfies these three criteria requires extensive preliminary examination of the facts and circumstances giving rise to the claim. *Id.* at 666. In typical cases, this preliminary examination is accomplished through the discovery process. *Id.*

■■■■ In *Brice*, the Tenth Circuit recognized that where the plaintiff in a *Bivens* action is in prison, an alternative avenue for preliminary evaluation of the facts and circumstances underlying the claim is necessary. *Id.* The Tenth Circuit held that a plaintiff in a *Bivens* action who is in prison must use administrative review to develop a record which will aid the trial court in determining whether the complaint is supported by facts which satisfy the criteria for a *Bivens* claim. *Brice* at 667. The court also noted that requiring prisoners to initially petition within the established structure of grievance procedures ensured that petitions would not be misused as devices to challenge authority. *Id.* Based on these considerations, the court held that requiring these preliminary steps of plaintiffs in prison does not unduly interfere with, or place unreasonable conditions on, the exercise of their constitutional rights. *Id.*

The majority of circuits require administrative review in such cases. *See Pyles v. Carlson*, 698 F.2d 1131 (11th Cir.1983); *Miller v. Stanmore*, 636 F.2d 986 (5th Cir. 1981); *Antonelli v. Ralston*, 609 F.2d 340 (8th Cir.1979); *Waddell v. Alldredge*, 480 F.2d 1078 (3d Cir.1973); *Alexander v. Johnson*, 742 F.2d 117 (4th Cir.1984). Although the Ninth Circuit has not yet addressed this issue, Housley contends that the Ninth Circuit would reject this holding, based on its holding in *Deltona Corp. v. Alexander*, 682 F.2d 888 (11th Cir.1982). However, *Deltona* is not persuasive in anticipating the ruling of the Ninth Circuit because it was decided by the Eleventh Circuit. *Id.*

Based on the sound reasoning in *Brice* and the holdings of the other five circuits, the court believes that the Ninth Circuit would require a plaintiff who is in prison and who files a *Bivens* action to establish through administrative review the record necessary for the trial court to determine the validity of his claim. Since Housley has not initiated any administrative review of his claim, his complaint must be dismissed.

*The Government's Motion to Dismiss Under Rule 12(b)(6)*

■■■■ Qualified or good faith immunity is an affirmative defense which the defendant must plead and prove. *Bauer v. Norris*, 713 F.2d 408, 411 n. 6 (8th Cir.1983). If established, good faith immunity is a defense to a claim for money damages against individual officials for actions which were objectively reasonable and not in violation of clearly established constitutional law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Government officials performing discretionary functions generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.

■■■■ The operation of the law library at FCI Sheridan is governed by federal regulations established by the Bureau of Prisons. Killinger, as warden, is bound to fol-

**1408**

low these regulations. The regulations of the Bureau of Prisons have never been held inadequate under statute or constitution. The conduct of Killinger, in his position as warden, in abiding by these regulations did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.*

This case is distinguishable from *Reutcke v. Dahm*, 707 F.Supp. 1121 (D.Neb.1988), upon which Housley relies in support of his contention that Killinger is not entitled to qualified immunity. In *Reutcke*, the prison warden was responsible for implementation of a policy which denied certain prisoners physical access to the prison law library. These prisoners were provided only with the assistance of untrained inmate legal aides. This policy was held to be in direct conflict with the established mandate of *Bounds v. Smith*, 430 U.S. 817, 831, 97 S.Ct. 1491, 1499, 52 L.Ed.2d 72 (1977), that where prisoners are not afforded physical access to an adequate law library, they must have access to assistance from persons with legal training.

The law library at FCI Sheridan is open Mondays through Fridays from 12:00 noon to 3:30 p.m., and from 4:45 p.m. to 8:00 p.m. The law library is also open on weekends from 8:00 a.m. to 3:30 p.m. This level of accessibility does not fall below the standard set forth in *Bounds* or any relevant constitutional provision. The acts of Killinger in enforcing these policies do not abrogate the qualified immunity he has against the claims of Housley.

The court holds that because Killinger is entitled to qualified immunity, the complaint of Housley must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

*The Government's Alternative Motion for Summary Judgment*

■ The constitutional right of prison inmates to access the courts requires prison authorities to assist them in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds*, 430 U.S. at 827, 97 S.Ct. at 1497. Prisoners at FCI Sheridan do not have access to assistance from persons trained in the law, but they do have access to the prison law library.

Materials available in the law library at FCI Sheridan include, but are not limited to: United States Supreme Court Reports, Supreme Court Reporter, Federal Reporter 2nd Series, Federal Supplement, United States Code Annotated, American Jurisprudence, Shepard's United States Citations, and Manual of Criminal Forms. The law library is open more than forty hours per week. Although prisoner work schedules may preclude the access of some prisoners during some of these hours, the majority of inmates have leisure time after 4:30 p.m. and on weekends. Furthermore, 28 C.F.R. § 543.11(i) provides that an inmate who has an imminent court deadline may request time off from work to prepare for that deadline. Housley has produced no probative evidence that the resources of the law library are inadequate or that he has been denied reasonable access.

Indigent inmates must be provided, at state expense, with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them. *Bounds*, 430 U.S. at 824, 97 S.Ct. at 1496. Housley has never claimed indigency and has never attempted to receive these services. Inmates who are not indigent can purchase these items from the prison commissary. Housley has produced no probative evidence that he has been unable to purchase items he needs. Housley has not been allowed to keep a typewriter in his cell for valid security reasons. Typewriters are available in the law library for use by all prisoners.

Based on the undisputed facts of this case, the court holds that as a matter of law, Housley has not been deprived of his constitutional right to access to the courts.

CONCLUSION

The government's motion to dismiss the complaint (# 21–1) is granted. The government's alternative motion for summary judgment (# 21–2) is granted.