**Charles Edward CARTER, Plaintiff,**

v.

**Lawrence THOMPSON; Wilmer Carter; Lisa Wright; Don M. Dean; Frank Youngblood; and Sgt. Tompkins, Defendants.**

**No. 90–235–Civ–FtM–21(D).**

United States District Court,
M.D. Florida,
Ft. Myers Division.

Dec. 16, 1992.

Charles Carter, pro se.

Herschel C. Minnis, Tallahassee, FL, Nadine Z. Suissa, Hollywood, FL, for defendants.

### ORDER

NIMMONS, District Judge.

*Pro se* prisoner Plaintiff is proceeding on an amended civil rights complaint, filed July 8, 1991, pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that Defendants violated his due process rights, his right to access "to the law," and Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at Charlotte Correctional Institution (CCI). Plaintiff alleges that on January 7, 1990, his cell was searched and eighteen blank inmate passes were found. Plaintiff claims that he had no knowledge of the passes, and that he told Defendants he did not know anything about the passes. Inmate passes are contraband at CCI.

Plaintiff claims that, on or about January 9, 1990, he received a Disciplinary Report for violating Florida Administrative Code Rule 33–22.012 (9–4) Conspiracy To Commit Crime. Further, Plaintiff alleges that the charge was investigated, and that he gave a statement and named witnesses in his defense.

Plaintiff alleges that on January 11, 1990, CCI determined that Plaintiff should have been charged with violating (3–12), Possession of Any Other Contraband, instead of (9–4) Conspiracy To Commit Crime, so a new Disciplinary Report was issued, charging Plaintiff with the new charge. Plaintiff alleges that the new charge was not investigated.

Plaintiff claims that on January 17, 1990, Defendants held a Disciplinary Hearing on the new charge. Plaintiff claims that he told the hearing officers, Defendants Wright, Carter and Thompson, that the charge had not been investigated; that he had not been given his procedural safeguards as mandated by Rule 33–22.005; and that he had not been afforded the opportunity to offer material witnesses, to seek staff assistance or otherwise prepare his defense to this charge. Plaintiff claims that Defendants told him that they would not comply with Rule 33–22.005 and that they would not permit him to call material witnesses or offer any defense to this charge.

Plaintiff further claims that Defendants found him guilty, partly based on a statement allegedly made by Plaintiff admitting guilt. Plaintiff claims that he never made such a statement.

Plaintiff alleges that he was sentenced to fifteen days in disciplinary confinement and was forced to forfeit his earned gain time for January, 1990. Plaintiff claims that he requested a DC1–303 Form, which is a Request for Administrative Remedy on Appeal, in order to immediately appeal his conviction and sentence and to gain his release from disciplinary confinement.

---

1. Defendants filed a motion to dismiss Plaintiff's original complaint; Plaintiff did not respond to the motion to dismiss. The Court dismissed Plaintiff's original complaint but gave Plaintiff leave to file an amended complaint.

Plaintiff claims that Defendant Tomkins informed Plaintiff .

that he would not give him a form DC1–303 for his appeal, and further, no DC1 forms were kept in disciplinary confinement, and further, Defendant Tomkins informed Plaintiff that he would not be permitted to file any request for Administrative Remedy while he was in disciplinary confinement, contrary to Rule 33–29.015(2), [Fla.Admin.Code].

Plaintiff alleges that the conditions of disciplinary confinement violated his right to be free from cruel and unusual punishment. He claims:

While in disciplinary confinement, Plaintiff was forced to suffer from severe cold.... temperature in disciplinary confinement was maintained at such an unbearable cold level that Plaintiff shivered uncontrollably and had to curl in a fetal position under a small woefully inadequate blanket for the duration of his 13 days in disciplinary confinement.... Plaintiff was denied any clothing except for one pair of underwear [bottoms only]. Plaintiff complained of the frigid condition and was told that it was part of the punishment.... These painful condition caused Plaintiff to undergo severe pain from the frigid temperature, prolonged sleep deprivation and loss of appetite.

Plaintiff claims that after his release from disciplinary confinement, he filed a request for Administrative Remedy on Appeal challenging his conviction and sentence for charge 3–12 (Possession of Any Other Contraband). Further, Plaintiff states that on April 11, 1990, his conviction and sentence were vacated by Assistant Superintendent Frank Youngblood, because the Disciplinary Report for the charge of Possession of Any Other Contraband had not been investigated, and because Plaintiff was not given the opportunity to present his material witnesses, seek staff assistance or otherwise prepare a defense to that charge.

Plaintiff claims that it was Defendant Dean's practice, policy and custom to maintain the excessively punitive conditions in disciplinary confinement to go beyond the acceptable punishment as stated in Chapter 33–22.012, Florida Administrative Code. Further, he claims that it was Defendant Youngblood's policy, practice and custom to violate Chapter 33–29.015(2) by not having DC1–303 forms available in disciplinary confinement "in order to prevent prisoners from appealing their Disciplinary Report in a timely manner thereby depriving them of due process."

Plaintiff alleges that he was denied "access to the law" because he could not appeal his Disciplinary Report hearing in a timely manner and thus had to serve a sentence for a Disciplinary Report that was later vacated. Further, Plaintiff claims that the conditions of disciplinary confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that Defendants violated the Florida Administrative Code, the Florida Department of Corrections Policy and Procedure Directives and Institutional Operating Procedures. Plaintiff seeks declaratory relief, and compensatory and punitive damages, as well as attorneys' fees.

Defendants filed a motion for summary judgment on February 9, 1992. Defendants contend that Plaintiff fails to state a claim for relief under section 1983; that they are entitled to qualified immunity and that the Eleventh Amendment bars this suit against the state; that negligence is not actionable under section 1983; and that Plaintiff has not demonstrated entitlement to relief.

Defendants filed affidavits of Frank Youngblood and Don Dean. Both swear that it has never been their policy, practice or custom to violate any of the Florida Administrative Code Rules. Further, they swear:

DC1–303 forms are and always were readily available to disciplinary confinement inmates, as is promulgated by law.

They state that they were not present at Plaintiff Carter's January 17, 1990, Disciplinary Hearing and were not personally involved in the decision to charge him or find him guilty. Both swear that they know of no frigid temperatures in disciplin-

ary confinement and that they would have corrected the problem had they been aware of it.

Further, they swear that inmates in disciplinary confinement in January of 1990, at CCI received two sheets, one blanket, a pair of trousers and a shirt, a T-shirt, socks and boxer shorts. They swear that there is no air conditioning, but that there are ventilation fans and that the heat is turned on if it is cold. Further, Defendant Youngblood swears that "In accordance with my training and FAC rules, I did receive his appeal, have the conviction reversed, and his gaintime restored. This decision was made in good faith and indicates that I did not have nor do I have any practice or procedure to hinder an inmate's right to a fair appeal."

Defendants also submitted the affidavit of Robert Barto, Classification Officer at CCI at the time of the alleged events. Defendant Barto swears that he personally reviewed Plaintiff's file for grievances filed by him in late January and early February of 1990, concerning his being cold while in disciplinary confinement. He swears that there were none.

In accordance with *Griffith v. Wainwright,* 772 F.2d 822 (11th Cir.1985), the Court, on March 6, 1992, notified Plaintiff of the summary judgment rules, of his right to file affidavits or other materials in opposition to the motion and of the consequences of default. Plaintiff filed his response on March 26, 1992. On March 30, 1992, Defendants filed a response to Plaintiff's brief in opposition to Defendant's motion for summary judgment and motion to strike (Doc. No. 33). Defendants claim that Plaintiff raised new evidence in his response to their motion for summary judgment. They contend that the alleged new evidence should be stricken.

On April 10, 1992, Plaintiff filed a motion to dismiss Defendant's motion to strike (Doc. No. 35). Plaintiff claims that he raised no new evidence. Plaintiff is no longer incarcerated at Charlotte Correctional Institution.

## STANDARD FOR SUMMARY JUDGMENT

 Summary judgment should be entered only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983) (quoting rule). "The party seeking summary judgment bears the exacting burden of demonstrating that there is no dispute as to any material fact in the case." *Id.* "In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Id.* (quoting *Clemons v. Dougherty County, Georgia,* 684 F.2d 1365, 1368 (11th Cir.1982)). *See also Thrasher v. State Farm Fire & Casualty Co.,* 734 F.2d 637 (11th Cir.1984).

 If any factual issues are present in the records, the Court must deny the motion and proceed to trial. 684 F.2d at 1369. Moreover, summary judgment should be denied when some of the alleged incidents on which Plaintiff relies involve disputed issues of fact, while others raise legal issues that must be decided on a more developed record. *Pyles v. Carlson,* 698 F.2d 1131, 1133 (11th Cir.1983).

 Further, it is clear that "[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." 12 C. Wright & A. Miller, *Federal Practice and Procedure,* Advisory Committee Note to the 1963 Amendments to Rule 56, Appendix at 500 (1973). And, "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.*

 Summary judgment may not be invoked where the record reflects conflicting versions of material facts which require credibility determinations. *See Perry v. Thompson,* 786 F.2d 1093 (11th Cir.1986);

*Leslie v. Ingram,* 786 F.2d 1533 (11th Cir. 1986). In the present case, the Court is convinced that no genuine issues of material fact remain as to all claims except one, and that summary judgment should be entered in favor of Defendants, as a matter of law, on all claims except Plaintiff's claim that he was denied a DC1–303 form while in disciplinary confinement.

## DISCUSSION

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981); *Tillman v. Coley,* 886 F.2d 317, 319 (11th Cir.1989); *Barfield v. Brierton,* 883 F.2d 923, 934 (11th Cir.1989); *Cornelius v. Town of Highland Lake, Alabama,* 880 F.2d 348, 352 (11th Cir.1989).

■ In civil rights actions, more than mere conclusory allegations are required, and a civil rights complaint will be dismissed as insufficient where the allegations are vague and conclusory. *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir. 1984).

■ The language of section 1983 "plainly requires proof of an affirmative causal connection" between the official act or omission complained of and the alleged constitutional deprivation. *Bailey v. Board of County Commissioners of Alachua County,* 956 F.2d 1112, 1124 (11th Cir.1992); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). In *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), the Supreme Court stated that section 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his action." Moreover,

[W]hen individuals are being sued in individual capacities for damages for personal injuries, the causation inquiry must be more refined and focused than that undertaken ... where only declaratory and injunctive relief [are] sought for constitutional violations pervading an entire prison system.

*Williams,* 689 F.2d at 1383.

■ *Respondeat superior,* without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Tittle v. Jefferson County Commission,* 966 F.2d 606 (11th Cir.1992); *Harvey v. Harvey,* 949 F.2d 1127, 1129 (11th Cir.1992) (citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990). *See Collins v. City of Harker Heights,* —— U.S. ——, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Pacific Mutual Life Insurance Company v. Haslip,* —— U.S. ——, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991); *Pembaur v. City of Cincinnati, et al.,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

The Eleventh Circuit has stated that:

Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior.* *McLaughlin v. City of LaGrange,* 662 F.2d 1385, 1388 (11th Cir.1981), *cert. denied,* 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta,* 763 F.2d 1381, 1389 (11th Cir.1985); *Wilson v. Attaway,* 757 F.2d 1227, 1241 (11th Cir.1985); *Sims v. Adams,* 537 F.2d 829, 831 (5th Cir.1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson,* 757 F.2d at 1241; *Henzel v. Gerstein,* 608 F.2d 654, 658 (5th Cir.1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of

the need for improved training or supervision, and the official fails to take corrective action. *Wilson,* 757 F.2d at 1241; *Sims,* 537 F.2d at 832.

*Fundiller v. City of Cooper City,* 777 F.2d 1436, 1443 (11th Cir.1985).

■ Plaintiff has failed to show that Defendants Dean and Youngblood had any causal connection to Plaintiff's alleged injury based on his Disciplinary Hearing. Therefore, Plaintiff's allegations against these Defendants, *on this claim,* are without merit.

Further, the violation of a minor rule in the Florida Administrative Code does not rise to the level of violating Plaintiff's constitutional rights. *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) ("we have never held that statutes and rules governing daily operation of a prison system confers any liberty interest in and of themselves"). *See Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) (not every "grievous loss visited upon a person by the State is sufficient to invoke the procedural protection of the due process clause"); *Paul v. Davis,* 424 U.S. 693, 699–70, 96 S.Ct. 1155, 1159–60, 47 L.Ed.2d 405 (1976) (citing *Screws v. U.S.,* 325 U.S. 91, 108–09, 65 S.Ct. 1031, 1038–39, 89 L.Ed. 1495 (1945)); *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *See also Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

■ Prison disciplinary proceedings are not part of a criminal prosecution; therefore, the full panoply of rights that are due a defendant in a criminal proceeding does not apply. *Wolff v. McDonnell,* 418 U.S. at 556, 94 S.Ct. at 2974 (citation omitted). "In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id.*

The United States Supreme Court held that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. *Id.* at 564, 94 S.Ct. at 2978. Further, the Court held that at least a brief period of time after the notice (no less than twenty-four (24) hours) should be allowed to the inmate to prepare for the appearance before the disciplinary committee. *Id.* The Court also held that there must be a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. *Id.*

■ Plaintiff Carter received the minimum requirements of due process. Plaintiff received advance written notice of the new charge (Complaint at page 3, # 15); appeared at his Disciplinary Hearing and presented his defense (Complaint at page 4, # 21, 23); and received a written statement by the factfinders of the reasons for the finding of guilt (Complaint at page 4, # 27).

The first charge was fully investigated. The second charge was based on the same facts as the first charge. Plaintiff had a full opportunity to present his point of view on the facts. The change in charge was merely a technical change in the name to charge Plaintiff with having the passes in his cell.

■ At most, Plaintiff alleges negligence on the part of the disciplinary team defendants. Negligence is not generally actionable under section 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Therefore, Plaintiff's claims against Defendants Wright, Carter and Thompson are without merit, and summary judgment will be granted as to these Defendants.

■ Plaintiff's allegations regarding conditions in disciplinary confinement are conclusory and unsupported. Plaintiff claims that it was cold, that he was permitted to wear only the bottoms of his underwear and that he was told that being cold was part of the punishment. However, Plaintiff did not file any grievance regarding the conditions and has not provided the names of those to whom he complained. Plaintiff's vague, conclusory claims are without merit.

Plaintiff's request for a declaratory judgment that his rights were violated is moot. Plaintiff is no longer incarcerated at Charlotte Correctional Institution.

[A]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred....

*Zatler v. Wainwright,* 802 F.2d 397, 399 (11th Cir.1986) (citing *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985) (per curiam)).

Plaintiff's claim that he was denied a Form DC1–303 form while in disciplinary confinement cannot be decided on summary judgment. Defendants have sworn that these forms are available to inmates in disciplinary confinement. Plaintiff swears they were not. The Court cannot resolve this factual dispute on summary judgment. *Perry v. Thompson,* 786 F.2d 1093 (11th Cir.1986). Therefore, Defendants Dean, Youngblood and Tomkins' motion for summary judgment will be denied as to this claim. Accordingly, the Court orders:

1. That Defendants Wright, Carter and Thompson's motion for summary judgment (Doc. No. 30) is granted;

2. That Defendant Dean, Youngblood and Tomkins' motion for summary judgment is granted on all claims except Plaintiff's allegation that he was denied a DC1–303 form while in disciplinary confinement.

3. That, pursuant to Rule 54(b), Federal Rules of Civil Procedure, entry of final judgment will be withheld pending disposition of the case in its entirety.

4. That all other pending motions (Doc. No. 33, 35) are denied as moot.

DONE AND ORDERED.