**Donald PERRY, Petitioner-Appellant,**

v.

**R.E. THOMPSON, Sgt., et al., Respondents-Appellees.**

**No. 85–3551**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 15, 1986.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

This is a § 1983 case filed December 29, 1982 by inmate Perry against two prison officers. His sworn complaint alleged detailed facts. He alleged that he was being escorted to a "control room" by one of the officers where he was to be visited by an attorney. He was in waist chains and his hands were cuffed in front of him. The officer asked plaintiff why he had not shaved his face "clean," and the plaintiff allegedly responded that he had a "shaving pass" from a dermatologist prescribing that he should keep and maintain "a low clipped beard." But, plaintiff alleged, the first officer, assisted by another officer, forcibly carried plaintiff into the barber

<hr/>

shop to be shaved. Plaintiff alleged that the officers struck him in the face, head, shoulder, arms and legs with their hands and that while he was down on the floor in the hallway they kicked him in the sides, ribs, back and head. After the encounter his mouth and arms were bleeding a little. They "beat [him] on down to the control room," presumably after the barber shop incident was over.

Defendants answered April 28, 1983, admitting that one officer asked plaintiff why he was not clean shaven and denying that plaintiff stated he had a shaving pass.

Plaintiff responded with an affidavit, filed May 18, 1983, stating in conclusory fashion that he was physically assaulted as alleged in the complaint and that he had a shaving pass as alleged. Later, in July 1983, plaintiff filed the affidavit of another inmate who stated that he had heard a dialogue between plaintiff and one of the officers about his not shaving his face clean and heard plaintiff explain that he had a shaving pass not to shave his face to the skin. The inmate went on to state that the first officer did not want to hear what plaintiff had to say and that the two officers forced plaintiff into the barber shop where he was forced, by being held down, to shave his face down to the skin. He saw plaintiff's mouth and arm bleeding, and he verified that plaintiff was in a waist chain.

In April 1985 plaintiff moved for summary judgment, restating his claim that he was forcibly required to shave clean and reiterating in detail the alleged facts of being struck and kicked. The motion was sworn.

On May 7, 1985 defendants filed a composite pleading. It moved to deny plaintiff's motion for summary judgment, and, on behalf of defendants, it moved to dismiss the complaint and cross-moved for summary judgment for defendants. Attached were affidavits from the officers which said that the first officer questioned plaintiff concerning his beard and plaintiff said he had a pass to be shaved with clippers only, that he ordered plaintiff into the

barber shop to be shaved with clippers, plaintiff refused and began to walk away. The two officers, each grasping an arm, "led" or "escorted" plaintiff into the barber shop to be shaved with clippers, and he was shaved with clippers without further incident. The officers attached incident reports they had filed supporting their descriptions of what occurred, plus a statement from a medical technician that plaintiff's medical records showed no complaints of injury on the day of the incident or the next day. Also they filed a supervisor's statement that shaving of inmates is done by clippers and razors are not permitted.

The court found several facts, based upon the defendants' affidavits and documents submitted with their composite motion. It found that plaintiff had disobeyed a verbal order and was walking away from the officers, and that the force used by them was reasonably necessary to regain control of him and to prevent further disobedience. It held that there was no "intentional and culpable misconduct" in controlling plaintiff. The court found, "based upon the defendants' convincing presentation" that the plaintiff had failed to state a claim under § 1983[1] and granted the motion to dismiss.

Also the court denied plaintiff's motion for summary judgment and granted defendants' cross-motion for summary judgment. It noted plaintiff's failure to counter the defendants' motion with anything more than a repetition of his allegations.

The approach of the court with respect to both the motion to dismiss and the motion for summary judgment was fatally flawed. If a plaintiff pleads merely conclusory allegations, for example negligence or assault, and the defendant comes forward with affidavits setting out specific facts showing there was no negligence or assault, plaintiff cannot defeat summary judgment or dismissal for failure to state a claim by merely filing an affidavit that restates the conclusory statements asserted in the complaint. If material undisputed facts show

---

**1.** The court pretermitted whether under state law the conduct of the officers was correct.

no cause of action or that summary judgment should be granted as a matter of law, the case can be disposed of. A plaintiff may not frustrate this process by merely restating legal conclusions that he has alleged.

The foregoing principle has no application in this case. Plaintiff alleged specific facts in his sworn complaint and they were required to be considered in their sworn form. He restated his position in a subsequent conclusory affidavit (though that was not necessary). He filed an affidavit by an inmate that in part supported the sworn statements in his complaint. He followed all this with another affidavit restating in detail the facts set out in his complaint. This too not necessary.

The defendants' affidavits were filed. What was then before the court was a square, head-on dispute of material facts. Did the defendants take plaintiff into the barber shop for a proper purpose, "shaving" of his beard with clippers (allowable under the terms of his shaving pass) or did they take him in to have his beard removed to the skin? They said the former, he said the latter. Did they beat him, and did he end up on the floor where he was beaten and kicked. They said "no," he said "yes." Did they use no more force than was reasonably justified under principles permitting prison officers to keep order and to enjoy a range of allowable mistake in doing so, or did they use excessive force? They set out specific facts tending to show allowable force. Plaintiff set out facts tending to establish a prima facie case that the force was excessive. The officers do not state that unusual force by them was justified by plaintiff's resisting or himself using force. Rather they say they took him one by each arm and led him or escorted him into the shop and that nothing else occurred.

The trial court rejected the sworn statements of definite facts in plaintiff's complaint, repeated later in his separate affidavit and accepted the factual versions set out in defendants' affidavits. Where plaintiff has presented specific facts to the trial court, in sworn form, the court may not make such a credibility choice nor may it grant summary judgment against plaintiff on the procedural ground that he did not controvert the factual affidavits that controverted his sworn factual statements.

We do not imply that either set of sworn facts is true and the other not. What we do hold is that dismissal and summary judgment were improper on what was before the court.

REVERSED.