[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10241

D. C. Docket No. 05-00170-CV-1

NICKOLAS FELDER,

Plaintiff-Appellant,

versus

TONY HOWERTON, Warden,
DENNIS BROWN, Deputy Warden, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Georgia

(September 13, 2007)

**ON PETITION FOR REHEARING**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pending before the court is the plaintiff-appellant's petition for rehearing of this court's opinion affirming the district court's grant of summary judgment in favor of the defendants-appellees. After reviewing the petition and the record in the case, we grant the petition for rehearing, vacate our previous opinion and substitute this opinion in lieu thereof.

## I.

At the time he filed his lawsuit, plaintiff-appellant Nickolas Felder ("Felder") was a prisoner at Augusta State Medical Prison ("ASMP") in Augusta, Georgia. Felder brought this action under 42 U.S.C. § 1983 (2006) alleging that defendants-appellees Dewayne Riles ("Riles"), Marion Taylor ("Taylor"), and Darryl Woodson ("Woodson"), who were during the relevant time period corrections officers at ASMP, beat him in violation of rights protected by the Eighth Amendment and Fourteenth Amendment of the United States Constitution. Felder also alleged that defendants-appellees Tony Howerton ("Howerton"), at the time Warden of ASMP, and Dennis Brown ("Brown"), at the time deputy Warden of ASMP, were aware of systemic abusive practices at the prison and failed to take any corrective action. Relying on the same facts, Felder included in his complaint a torture claim under 18 U.S.C. § 2340, *et seq.*, and state law tort claims.

The district court granted summary judgment in favor of all of the defendants after concluding that Felder had failed to raise a genuine issue of material fact and that the defendants were entitled to judgment as a matter of law. We review the district court's "grant of summary judgment *de novo*, drawing all [reasonable] inferences in favor of the non-moving party." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1269 (11th Cir. 2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Having reviewed the record and the parties' briefs on appeal, we conclude that genuine issues of material facts exist that preclude summary judgment as to all of the defendants with respect to Felder's constitutional claim. Therefore, for the reasons set forth below, we vacate the district court's judgment in part and remand for further proceedings.

## II.

In opposition to the motion for summary judgment, Felder submitted his sworn deposition and a sworn written statement that set out, under oath, his version of the events that gave rise to the underlying litigation. At its essence, this evidence, which we must believe, *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004), establishes that (1) Riles confronted and

3

attacked Felder without provocation and for no legitimate law enforcement or corrections reason; (2) Taylor and Woodson escorted Felder to the prison hospital and, while en route inside an elevator, beat him about the torso without provocation and for no legitimate law enforcement or corrections reason; and (3) this sort of abusive treatment is systemic at ASMP. Although the defendants present evidence that would allow a jury to conclude that Felder is lying about every claim, and Felder's evidence, which does not extend beyond his own testimony, is weak, on a motion for summary judgment, "[i]t is not the court's role to weigh conflicting evidence or to make credibility determinations." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). Felder's sworn testimony and sworn written statement, which includes testimony that Taylor and Woodson told him in the elevator that all of the prisoners are subjected to the same type of treatment, are sufficient to raise fact questions for a trier of fact on his § 1983 claims. *See Perry v. Thompson*, 786 F.2d 1093, 1093-95 (11th Cir. 1986). Therefore, we conclude that the defendants are not entitled to summary judgment on Felder's § 1983 claims.

With respect to Felder's torture claim under 18 U.S.C. § 2340 *et seq.*, the district court concluded that Felder's claim failed as a matter of law because the relevant statute applies only to torture that occurs outside the United States.

4

Felder contends this was error but fails to direct this court to any persuasive or binding precedential authority for disregarding the plain language of the statute, which assigns *criminal* liability to persons who commit or conspire to commit torture "outside the United States." 18 U.S.C. § 2340A(a) (2006). In short, Felder fails to convince us that the statute on which he relies confers upon him additional rights not already protected by the Constitution. Therefore, the defendants are entitled to summary judgment on this claim.

Finally, the district court declined to exercise supplemental jurisdiction over Felder's state law claims after having granted judgment against Felder on all of his federal claims. Because we conclude that Felder's federal constitutional claim survives summary judgment, the basis for the district court's decision not to exercise supplemental jurisdiction over the state law claims is no longer valid. Therefore, the district court's decision not to exercise supplemental jurisdiction is reversed.

**AFFIRMED in part, VACATED in part, REVERSED in part, and REMANDED.**