[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2008
THOMAS K. KAHN
CLERK

No. 07-14884
Non-Argument Calendar

_____

D. C. Docket No. 04-00122-CV-BAE

DEXTER SHAW,

Plaintiff-Appellant,

versus

ABBIGAIL COWART,
ERIC HEMPHILL, et al.,

Defendants,

WARDEN HUGH SMITH,
TRELLIS DODSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 13, 2008)

Before DUBINA, BLACK, and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Dexter Shaw ("Shaw"), proceeding *pro se*, appeals the district court's orders: (1) denying Shaw's motion to appoint counsel; (2) denying Shaw's motions for a protective order; (3) denying Shaw's motion for a stay of summary judgment; (4) granting in part the defendants' motion for summary judgment; (5) denying Shaw's requests to compel the production of documents and to issue subpoenas to his desired witnesses; and (6) denying Shaw's motions for a continuance.

Shaw filed a *pro se* complaint against Trellis Dodson, Hugh Smith, Abbigail Cowart, and Fred Brown (collectively the "State") under 42 U.S.C. § 1983. Shaw, an inmate in Georgia State Prison, alleged that Dodson, a correctional officer at the prison, violated his First and Eighth Amendment rights by intentionally and maliciously closing him in his cell door and injuring his shoulder in retaliation for Shaw writing grievances and other complaints about Dodson. Shaw alleged that Dodson and Cowart, a former correctional officer at the prison, violated his First Amendment right by writing false disciplinary reports against him in retaliation for Shaw filing grievances against them and discussing "their inmate dealings." Shaw also alleged that Smith and Brown, the current and former wardens of the prison,

2

respectively, knew that Dodson was a threat to Shaw's safety but failed to protect him, in violation of the Eighth Amendment.

## I.

On appeal, Shaw first argues that the district court abused its discretion in denying his motion for appointment of counsel. Shaw contends that, due to his incarceration, he was unable to investigate the facts supporting his claims and interview material witnesses. Shaw also argues that he is entitled to appointment of counsel on appeal.

We review the denial of a motion for appointment of counsel in a civil proceeding for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). The district court may appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1). *Id.* However, "[t]he district court has broad discretion in making this decision . . . and should appoint counsel only in exceptional circumstances . . . ." *Id.* (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Moreover, we liberally construe the pleadings of a *pro se* petitioner. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sep. 19,

3

2008) (No. 08-6426).

Here, the facts and legal claims are not complicated, and a review of Shaw's pleadings and motions demonstrates that he had an adequate understanding of the issues in this case. Therefore, we conclude that this case "is not so unusual that the district court abused its discretion by refusing to appoint counsel." *Bass*, 170 F.3d at 1320. For the same reasons, we also conclude that Shaw is not entitled to counsel on appeal.

## II.

Next, Shaw argues that the district court abused its discretion in denying his motions for a protective order. Shaw contends that a protective order was necessary because the State refused to comply with either his discovery requests or his attempts to secure affidavits from material witnesses.

We review the district court's rulings on discovery matters for an abuse of discretion. *United States v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005). Federal Rule of Civil Procedure 26 provides that "[a] party or any person *from whom* discovery is sought may move for a protective order." Fed.R.Civ.P. 26(c) (emphasis added). Moreover, a district court may grant injunctive relief as an extraordinary and drastic remedy if the movant clearly establishes that "(1) it has a substantial likelihood of success on the merits, (2) the

movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve the public interest." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (citing *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Based on our review of the record, we conclude that the district court committed no error in denying Shaw's motions for a protective order. Rule 26(c) by its terms applies only to motions for protective orders by a party or person "*from whom* discovery is sought." Fed.R.Civ.P. 26(c) (emphasis added). Moreover, to the extent that Shaw sought injunctive relief, he has not shown that he had a likelihood of irreparable injury sufficient to invoke this "extraordinary and drastic remedy." *Horton*, 272 F.3d at 1326 (quotations omitted). Accordingly, we conclude that the district court did not err in denying these motions.

### III.

Next, Shaw argues that the district court abused its discretion in denying his motion for a stay of summary judgment under Federal Rule of Civil Procedure 56(f). Shaw contends that the State had improperly denied his numerous requests for information relating to material witnesses for purposes of obtaining affidavits, and that the State had also denied his requests for the production of the original

5

prison log book for the date of his claimed injury. Moreover, he argues that the State had in bad faith limited his ability to view and copy documents that he had requested by placing him in a small, poorly lit cell with a box of photocopied documents.

We review the denial of a motion for a stay of summary judgment under Rule 56(f) for an abuse of discretion. *Burks v. American Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000). Rule 56 provides that:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed.R.Civ.P. 56(f). We have instructed that "[a] Rule 56(f) motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

The record demonstrates that Shaw had a sufficient amount of time to obtain evidence essential to justify his claims. Therefore, we conclude that the district

court did not abuse its discretion in denying Shaw's motion for a stay of summary judgment.

## IV.

Next, Shaw argues that the court erred in granting the State's motion for summary judgment as to his due process and retaliation claims against Cowart and Dodson.[1]  Shaw asserts that there is a genuine issue of material fact as to whether his due process rights were violated by three disciplinary reports that were written by either Dodson or Cowart because he was not provided with notice of the potential penalties prior to the charged misconduct, he was denied service of the initial disciplinary reports, he was denied the opportunity to call material witnesses at his disciplinary hearings, and the State instead presented false statements from Shaw's witnesses.  In regard to Shaw's retaliation claims, he argues that there is a genuine issue of material fact as to whether Dodson and Cowart created false disciplinary reports, and whether Dodson closed Shaw in his cell door, in retaliation for Shaw filing grievances against them and speaking on their improper dealings with inmates.

---

[1]Shaw raises no argument on appeal in regard to the grant of summary judgment on his failure to protect claim against Brown.  Accordingly, he has abandoned this claim.  *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (concluding that *pro se* plaintiff waived claims that he did not raise on appeal).

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.,* 446 F.3d 1160, 1161-62 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed.R.Civ.P. 56(c)). "A genuine factual dispute exists if the jury could return a verdict for the non-moving party." *Id.* (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999)). "A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed.R.Civ.P. 56(e)(1). Facts alleged by the plaintiff in a sworn pleading are sufficient to defeat a motion for summary judgment, and it is improper to grant summary judgment on the basis of credibility choices. *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986).

Where a prisoner has established the deprivation of a protected liberty interest via prison disciplinary proceedings, the question becomes whether he was afforded due process in connection with the deprivation of such interest. *Bass*, 170 F.3d at 1318. To that end, "[t]he minimum requirements of due process for

8

prisoners facing disciplinary action . . . are (1) advance written notice of the charges; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence, when consistent with institutional safety and correctional goals." *Id.*; *see Wolff v. McDonnell*, 418 U.S. 539, 563-566, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974) (establishing due process requirements for inmate disciplinary proceedings). In *Wolff*, the Supreme Court provided that the inmate must receive notice of disciplinary charges at least 24 hours prior to the hearing. *Id.* at 564, 94 S. Ct. at 2979. The Court also recognized the need for flexibility in allowing an inmate the opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566, 94 S. Ct. at 2979. Accordingly, the Court concluded that "it would be useful for [prison officials] to state [their] reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Id.*, 94 S. Ct. at 2980. Moreover, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." *Superintendent, Mass. Corr'l Inst. v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

"The First Amendment forbids prison officials from retaliating against

9

prisoners for exercising the right of free speech." *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). To prevail on an action alleging that prison officials retaliated against an inmate for making such complaints, the inmate must establish the following: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Id.*

Here, the State demonstrated that it complied with the due process requirements for inmate disciplinary proceedings, and Shaw failed to respond with evidence creating a genuine issue of material fact. Moreover, the State also demonstrated that Cowart wrote disciplinary report 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 in response to statements by Shaw that do not constitute protected speech by a prison inmate, and Shaw failed to respond with evidence showing that Cowart wrote the report in retaliation for his otherwise engaging in protected conduct. Accordingly, we affirm the grant of summary judgment as to Shaw's due process claims against

10

Dodson and Cowart and his retaliation claim against Cowart.

However, we conclude that Shaw presented evidence creating a genuine issue of material fact as to whether Dodson wrote disciplinary report 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 and closed Shaw in his cell door in retaliation for Shaw writing a grievance and letters to prison officials about her. As a result, we vacate the district court's grant of summary judgment against Shaw as to his retaliation claim against Dodson and remand for further proceedings.

## V.

Next. Shaw argues that the district court abused its discretion in denying both his request for an *in camera* inspection of the prison log book for the date of his injury, and his motion for a subpoena *duces tecum* to compel the State to produce the log book at trial. Because prison officials are required to file a report on all inmate incidents, Shaw contends, the log book would have supported his excessive force claim by showing that Dodson closed Shaw in his cell door and that he was injured as a result. Moreover, Shaw argues that the court erred in denying his request for the court to interview his witnesses, his petitions for writs of habeas corpus *ad testificandum* regarding inmate witnesses, his request for the court to call his witnesses as the court's own, and in failing to inform Shaw as to the cost of issuing subpoenas for his desired witnesses in time for trial.

11

We review the district court's rulings on pretrial discovery matters for an abuse of discretion. *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005). "[W]e will not overturn discovery rulings unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (quotations omitted).

"The discretionary grant of the writ of habeas corpus *ad testificandum* is predicated on several factors, including, whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, and the expense of the prisoner's transportation and safekeeping." *Pollard v. White*, 738 F.2d 1124, 1125 (11th Cir. 1984) (quotations and internal markings omitted). In a criminal case, we have observed that the fact that "inmate witnesses are not entitled to receive the statutorily prescribed witness fees and travel expenses . . . does not necessarily relieve a criminal defendant from paying the cost of securing the attendance of inmate-witnesses, which could in some cases be enormous, given that inmates will presumably be accompanied by guards when travelling to and from the trial." *United States v. Garmany*, 762 F.2d 929, 933 n.2 (11th Cir. 1985) (citation omitted).

We conclude from the record that any error in the court's refusal either to

12

conduct an *in camera* inspection of the log book or issue a subpoena *duces tecum* for its production at trial did not result in substantial harm to Shaw's case because he was able to examine witnesses at trial concerning the substance of prison records relating to his alleged injury. Moreover, the court did not abuse its discretion in concluding that Shaw must still pay witness fees with respect to inmate witnesses. In addition, the State voluntarily produced three of Shaw's five requested witnesses that were relevant to his claims that went to trial. Therefore, and because Shaw was also able to present his case through his own testimony and by examining defendants Dodson and Smith, we conclude that the district court's refusal to issue subpoenas to all of Shaw's desired witnesses also did not result in substantial harm to his case. As a result, the district court did not abuse its discretion in denying these motions.

## VI.

Finally, Shaw argues that the district court abused its discretion in denying his motions to continue his trial so that he could secure the presence of material witnesses and ensure that the State would produce the prison log book. Shaw argues that he had filed the necessary motions to secure the presence of material witnesses at trial, but the court had improperly denied each one. Moreover, Shaw contends that the court improperly denied his requests for either an *in camera*

13

review of the log book or a subpoena *duces tecum* ordering the State to produce it at trial.

We review the denial of a motion for a continuance for abuse of discretion, and we will not overturn such decision unless it is arbitrary or unreasonable. *Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1339, 1350-51 (11th Cir. 2003). We have adopted a four-part test for reviewing the denial of a motion for a continuance:

> First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing. Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted. Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses. Finally, we consider the extent to which the appellant might have suffered harm as a result of the district court's denial.

*Hashwani v. Barbar*, 822 F.2d 1038, 1040 (11th Cir. 1987) (alterations omitted).

The record demonstrates that Shaw's requests for a continuance were based primarily upon his aforementioned attempts to secure the presence of his desired witnesses at trial and compel the State to produce the prison log book. Although the record reflects that Shaw was quite diligent in his efforts to prepare his case, the foregoing analysis illustrates that Shaw ultimately suffered no harm sufficient to remand this case for a new trial due to his inability to present the log book at trial or subpoena all of his desired witnesses. Therefore, we conclude that the

14

district court did not abuse its broad discretion in denying Shaw's requests for a continuance.

Shaw also argues that the court erred in failing to address several motions that he filed just before trial. However, the trial transcript reflects that the district court allowed Shaw to present argument as to any unresolved issues at the start of his trial. Furthermore, Shaw argues that the court demonstrated partiality and impropriety throughout his trial. However, he merely reiterates his dissatisfaction with the denials of his motions that he raises on appeal. As a result, we deny these claims. Finally, to the extent that Shaw argues that the denials of the motions at issue deprived him of due process and a fair trial, in light of the fact that none of the district court orders at issue were improper, and because Shaw raises no challenge to the jury verdict, we conclude that Shaw was not deprived of due process or a fair trial.[2]

In sum, we affirm the district court's denial of the various pretrial motions discussed herein, and the grant of summary judgment as to Shaw's failure to protect claim against Brown, Shaw's due process claims against Cowart and Dodson, and Shaw's retaliation claim against Cowart. However, because Shaw demonstrated a genuine issue of material fact as to his retaliation claim against

---

[2] Because Shaw has not argued that the jury verdict was incorrect, he has abandoned this issue. *Horsley*, 304 F.3d at 1131 n.1.

15

Dodson, we vacate and remand this claim for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**