[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2011
JOHN LEY
CLERK

No. 11-10518
Non-Argument Calendar

_____

D.C. Docket No. 9:10-cv-80312-KAM

KENNETH COLEMAN,

Plaintiff - Appellant,

versus

ST. LUCIE COUNTY JAIL,
DEPUTY O'BRIEN,

Defendants - Appellees,

LT. WILDS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 5, 2011)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Kenneth Coleman appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint, in which he alleged that Officer O'Brien used excessive force against him and that Lieutenant Wilds did not assist him when she saw him being taken for medical treatment following the encounter with Officer O'Brien. Coleman challenges (1) the district court's dismissal of his claim against Lieutenant Wilds under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted; and (2) the district court's dismissal of his complaint for failure to prosecute his claim against Officer O'Brien. After careful review of the record and Coleman's brief, we affirm the district court's dismissal of Coleman's claims against Officer O'Brien and Lieutenant Wilds.

I.

Coleman argues that the district court erred in dismissing his claim against Lieutenant Wilds under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Under those

standards, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

An allegation of an unjustified, brutal use of force against an inmate by a guard states a claim under § 1983. See, e.g., Perry v. Thompson, 786 F.2d 1093 (11th Cir. 1986). Additionally, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985).

Coleman argues that the district court's dismissal of his claim against Lieutenant Wilds was erroneous because she witnessed his beating at the hands of Officer O'Brien but failed to stop or report the misconduct. But in his complaint, Coleman did not allege that Lieutenant Wilds observed the beating. Instead, the complaint, even construed liberally, only alleges that Lieutenant Wilds saw

Coleman when he was being taken by force for medical treatment following the beating and that she said and did nothing. The district court concluded that "the fact that Wilds saw [Coleman] being taken to medical in cuffs, however roughly, did not prompt a duty to interfere on her part." We agree. Given that Coleman failed to allege in his complaint that Lieutenant Wilds observed the alleged beating by Officer O'Brien, he failed to a state claim against Lieutenant Wilds under § 1983.

## II.

Coleman also appears to argue that the district court should not have dismissed the complaint for failure to prosecute after he failed to provide the court with Officer O'Brien's current address for service of process. The district court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. See Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (stating that a district court may sua sponte dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket). We review such a dismissal for abuse of discretion. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999).

Here, the United States Marshal returned the service of summons for Officer O'Brien to the district court unexecuted, explaining that there was not enough

information in Coleman's complaint to locate Officer O'Brien. The district court then ordered Coleman to supply the court with a current address for Officer O'Brien. When Coleman failed to do so, the district court dismissed the complaint without prejudice.[1] Coleman argues that the jail does not provide inmates with staff addresses, and he is confined and is unable to obtain the address himself. But given that Coleman failed to respond in any way to the district court's order, we cannot say that the district court abused its discretion in dismissing Coleman's complaint for failure to prosecute. See Fed. R. Civ. P. 41(b).

For all of these reasons, we affirm the dismissal of Coleman's complaint.[2]

**AFFIRMED.**

---

[1] Coleman did not file any objections to the magistrate judge's report, which recommended that the case be dismissed without prejudice for lack of prosecution.

[2] Coleman named four defendants in his complaint: (1) St. Lucie County Jail; (2) Lieutenant Wilds; (3) Officer O'Brien; and (4) Nurse Talbatath. As explained above, we affirm the dismissals of Coleman's claims against Lieutentant Wilds and Officer O'Brien. The district court also dismissed Coleman's claim against Nurse Talbatath, but Coleman does not challenge this ruling in his brief and has therefore abandoned that issue on appeal. See Irwin v. Hawk, 40 F.3d 347, 347 n.1 (11th Cir. 1994). Although the district court never addressed Coleman's claim against the St. Lucie County Jail, Coleman's brief to this Court, even construed liberally, does not challenge the dismissal of his complaint on this basis. We therefore conclude that Coleman has also abandoned his claim against the St. Lucie County Jail. See id.