[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-13572

Non-Argument Calendar

_____

JOHNNY GAFFNEY,

Plaintiff-Appellant,

*versus*

WARDEN, TAYLOR CORRECTIONAL INSTITUTION,
FRAN WOOD,
Assistant Warden of Taylor Correctional Institution in her individual and official capacity,
HILL,
Captain Officer in charge of Taylor Correctional Institution in her individual and official capacity,
HARMON,
Sergeant Security of Taylor Correctional Institution in his individual and official capacity,

2                    Opinion of the Court                    20-13572

GRUBBS,

Sergeant security of Taylor Correctional Institution in his individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:18-cv-00506-RH-MAF

_____

Before BRANCH, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Johnny R. Gaffney, a state prisoner proceeding *pro se*, appeals following the district court's grant of summary judgment to the appellees -- Captain Rachel Hill, Sergeant Terry Harmon, Sergeant Gregory Grubbs, Warden Christopher Edelen and Assistant Warden Fran Wood -- all of whom worked at the Taylor Correctional Institution, where Gaffney is incarcerated.  In his complaint, Gaffney alleged that the appellees violated his rights under 42 U.S.C. § 1983 by failing to protect from being attacked by another inmate after he specifically asked for such protection.  The district court made three rulings Gaffney challenges in this appeal.  First, after Assistant Warden Wood initially did not answer the

complaint, Gaffney sought an entry of default, but the district court granted Wood an extension of time within which to answer. Second, following discovery, the district court granted summary judgment to Captain Hill, Sergeant Harmon, and Sergeant Grubbs, noting that there was not enough evidence to hold them individually liable, particularly in light of our earlier decision in *Marbury v. Warden*, 936 F.3d 1227 (11th Cir. 2019). Third, the court granted summary judgment to Warden Edelen and Assistant Warden Wood, after concluding that Gaffney had not shown that they could be held liable in a supervisory capacity. After thorough review, we affirm the district court.[1]

We review excusable neglect decisions for abuse of discretion. *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996). A court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We

---

[1] Gaffney also named Julie Jones, the Secretary of the Florida Department of Corrections ("FDOC"), as a defendant in her official capacity, and he likewise sued the other defendants in their official capacities. Although the district court later substituted Mark Inch, Jones's successor, as a defendant, it ultimately concluded that he was immune from suit due to Eleventh Amendment immunity, as were the other defendants in their official capacities. Because Gaffney does not discuss these issues on appeal, he has abandoned any arguments concerning the Secretary, his official capacity claims, or Eleventh Amendment immunity. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

cannot reverse the district court just because we might have come to a different conclusion than the district court. *Id.* at 912.

We "review a summary judgment ruling *de novo*, viewing the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018) (quotation omitted). However, we only draw inferences in favor of the opposing party "to the extent supportable by the record"; inferences based upon speculation are not reasonable. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012). Summary judgment is properly granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A sworn complaint constitutes summary-judgment evidence, just as if the same information had been set out in a declaration. *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986). Under our prior-panel precedent rule, a prior panel's holding is binding unless it has been overruled or abrogated by the Supreme Court or by us sitting *en banc*. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998).

First, we are unpersuaded by Gaffney's claim that the district court abused its discretion when, instead of granting Gaffney's request for entry of default, it granted Wood's untimely motion for an enlargement of time to file her answer to Gaffney's amended complaint. The Federal Rules of Civil Procedure Rule allow a district court to extend the time to file motions, for good cause, after

the time for filing has elapsed if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). It is generally recognized that "excusable neglect" may extend to inadvertent delays. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391–92 (1993). Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, however, excusable neglect is an elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant. *Id.* at 392.

Rule 55 requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Nevertheless, there is a "strong policy of determining cases on their merits" and, therefore, "default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)).

Here, the district court did not abuse its discretion when it granted Assistant Warden Wood's motion for enlargement of time to answer. The record reflects that Wood filed her motion shortly after Gaffney asked the district court to make an entry of default. In the motion, she explained the basis for her delay in answering. While Gaffney had sought an entry of default, one had not yet been entered, and he had not yet sought a default judgment.

Although Gaffney questions Wood's motives for filing the motion for enlargement of time, the district court did not apply the wrong legal standard or improper procedures when it granted the motion, nor is there support for his allegations of bad faith. *Harris*, 989 F.3d at 911. Further, Gaffney has not shown how the outcome would have been different if he had been able to respond to the motion for enlargement of time, nor has he shown how the magistrate judge's subsequent extension of time for discovery prejudiced him, who was incarcerated and proceeding *pro se*. In short, based on Assistant Warden Wood's showing of excusable neglect and our disfavor for default judgments, the district court did not abuse its discretion in granting Wood's motion for enlargement of time. *Pioneer Inv. Servs.*, 507 U.S. at 391–92; *Surtain*, 789 F.3d at 1244–45. Accordingly, we affirm as to this issue.

We also are unconvinced by Gaffney's argument that the district court erred in granting summary judgment as to his deliberate indifference claims against Captain Hill, Sergeant Harmon, and Sergeant Grubbs. Section 1983 creates a private cause of action against any person who, under color of state law, deprives an individual of federal rights. 42 U.S.C. § 1983. The Eighth Amendment, in turn, prohibits the infliction of cruel and unusual punishment. U.S. Const. Amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)).

While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," not every instance of inmate-on-inmate violence "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). It is "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828.

To support an Eighth Amendment claim premised on failure to protect or prevent harm, a plaintiff must show that: (1) a substantial risk of serious harm existed; (2) the defendants were deliberately indifferent to that risk; and (3) there was a causal connection between the defendants' conduct and the Eighth Amendment violation. *Bowen v. Warden*, 826 F.3d 1312, 1320 (11th Cir. 2016). We use an objective standard to examine the first element -- a substantial risk of harm -- and the plaintiff must demonstrate "conditions that were extreme and posed an unreasonable risk of serious injury to [the plaintiff's] future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quotations omitted). The second element -- whether the defendant was deliberately indifferent -- involves an objective and subjective component. *Id.* Subjectively, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference." *Id.* (quoting *Rodriguez v. Sec. for the Dep't of Corrections*, 508 F.3d 611, 617, 620 (11th Cir. 2007)). Objectively, the official must have responded to the known risk in an unreasonable manner, in that he or she "knew of ways to

reduce the harm" but knowingly or recklessly declined to act. *Id.* (quotations omitted).

Additionally, a prison official cannot escape liability for deliberate indifference by showing that he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault, so long as the official was otherwise aware that the victim faced a substantial risk of serious harm. *Id.* at 1236. However, officials must possess enough details about a threat to present a strong likelihood of injury, not just a mere possibility. *Id.* Successful deliberate indifference claims generally require some further reason, beyond the plaintiff informing the defendant officers of the threat, that allowed the official to conclude that a particular threat evidenced a substantial threat. *Id.*

The Eighth Amendment also provides an inmate the right "to be reasonably protected from constant threat of violence . . . by his fellow inmates." *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga*, 400 F.3d 1313, 1320-21 (11th Cir. 2005) (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973)). We've recognized that an excessive risk of inmate-on-inmate violence can constitute a substantial risk of serious harm, but a plaintiff must show more than occasional or isolated attack. *Id.* at 1320. Sworn allegations of a generalized risk, by themselves, do not support the conclusion that serious inmate-on-inmate violence was "so pervasive that it constitutes a substantial risk of harm to which defendants were deliberately indifferent." *Marbury*, 936 F.3d at 1234.

In *Marbury*, a prisoner repeatedly attempted to be transferred to another dormitory over the course of two months, February to April 2016. *Id.* at 1231. In a February written request to the Warden, he stated that he witnessed over 15 inmate-on-inmate stabbing incidents that appeared to be gang related. *Id.* He also averred that he made multiple verbal requests to an officer and received threatening responses in turn. *Id.* In another written request to the Warden in April, he said he saw prisoners attack security staff and that nothing was being done to correct the problem. *Id.* Later that month, he requested that an officer ask the captain to transfer him because he'd heard that an inmate wanted to hurt him. *Id.* He claimed the officer again replied with a threatening response. *Id.* at 1231–32. A day later, he again requested that the Warden move him because he was afraid of being hurt or killed, and he reported the conversation with the officer the previous day. *Id.* at 1232. The captain in charge of lock-up reported that she did not receive any information about a request. *Id.*

Shortly thereafter, the prisoner was stabbed in the face in the prison's dayroom. *Id.* Prison staff were unable to identify who attacked him. *Id.* He filed a § 1983 complaint based on deliberate indifference by officials, among other claims; the district court ultimately granted summary judgment to the defendants. *Id.*

On appeal, we affirmed, holding that the prisoner had not presented enough evidence to support a deliberate indifference claim because there was no genuine factual issue that the defendants were deliberately indifferent to a substantial risk of serious

harm to him. *Id.* at 1234. We concluded that while his testimony supported a generalized risk of attack, it did not support a conclusion that that serious inmate-on-inmate violence was so pervasive that it constituted a substantial risk of serious harm to which defendants were deliberately indifferent. *Id.* We also noted that he had not pointed to specific features of the prison that would make it particularly violent. *Id.* at 1235.

Additionally, we found that the prisoner had not provided enough information to prison officials that the threats against him represented a specific threat of serious harm, rather than a generalized threat. *Id.* at 1237. We added that even though the officer made statements about the potential for violence, they only amounted to a subjective knowledge of a general risk of harm, which did not put her on notice that she was aware of a substantial risk of serious harm. *Id.* at 1237–38. Finally, we concluded that negligent failure to protect an inmate from attack did not justify liability under § 1983. *Id.* at 1238.

Here, the district court did not err in granting summary judgment in favor of appellees Captain Hill, Sergeant Harmon, and Sergeant Grubbs. For starters, we agree with Gaffney that his sworn amended complaint counted as evidence, to the extent it reflected facts within his personal knowledge. *Perry*, 786 F.2d at 1095. Likewise, the excerpts of his deposition, and his two sworn affidavits also had to be considered, along with the affidavits submitted by the defendants.

Nevertheless, the district court did not err in concluding that Gaffney had not shown that there was a genuine issue of material fact concerning his deliberate indifference claim because *Marbury* was a case comparable with Gaffney's and as in *Marbury*, Gaffney did not present sufficient evidence to sustain his claim as a matter of law. As the district court observed, both *Marbury* and this case involve a prisoner going to officials about threats against them from an unspecified inmate. *Marbury*, 936 F.3d at 1231, 1236. Both involved one of the officers involved saying disparaging or mocking comments toward them. *Id.* at 1231–32. Additionally, in both cases, the plaintiff eventually was attacked by an unspecified individual. *Id.* at 1232. Gaffney's attempt to differentiate *Marbury* from his case -- on the ground that he has not conceded that Hill, Harmon, and Grubbs were acting in their discretionary duties -- fails since there is no genuine issue of fact about whether they were acting in their discretionary duties. *Id.* at 1233.

Moreover, like the plaintiff in *Marbury*, Gaffney did not present sufficient evidence to sustain his claim as a matter of law. Importantly, just as in *Marbury*, Gaffney gave no specific information to officials about the people who wanted to harm him. And if anything, Marbury provided additional, more thorough, and more specific evidence than Gaffney did. *See id.* at 1231–32. So, for example, Gaffney complained to fewer people less times than the plaintiff in *Marbury*. Further, Marbury had warned officials that he had witnessed at least 15 gang-related incidents at the prison; in this case, Gaffney alleged only that one gang-related riot had occurred

two weeks before his assault.  And to the extent Gaffney claims that there was a taped interview with Gaffney and the Inspector General's office after the attack that supported his claims, it is irrelevant because Gaffney did not introduce the tape into the record as evidence. *Kernel Records Oy*, 694 F.3d at 1301.

Based on the similarities between this case and *Marbury*, the district court properly followed our precedent when it found that Gaffney's evidence was insufficient to withstand summary judgment. *Steele*, 147 F.3d at 1317–18.  That is to say, there is nothing in record before us that created a genuine issue of material fact about whether Gaffney had placed Hill, Harmon, and Grubbs on notice that he faced "conditions that were extreme and posed an unreasonable risk of serious injury" to his future health or safety or about whether he gave enough details to them about a threat to present "a strong likelihood of injury, not [just] a mere possibility." *Marbury*, 936 F.3d at 1233, 1236 (quotations omitted).  Accordingly, the district court did not err in granting summary judgment to Captain Hill, Sergeant Harmon, and Sergeant Grubbs, and we affirm as to this issue.

Finally, we find no merit to Gaffney's claim that the district court erred in granting summary judgment as to his claims of supervisory liability against Warden Edelen and Assistant Warden Wood.  Supervisory officials cannot be held liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondent superior* or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).  Supervisory liability only occurs when

the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

This causal connection can be established by a showing that a supervisor's custom or policy resulted in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. *Id.* at 1234-35. Additionally, it can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Id.*

A party may waive an issue by first raising it late in proceedings before the district court. *See Thomas v. Bryant*, 614 F.3d 1288, 1305-06 (11th Cir. 2010). Additionally, the general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012). However, a district court may consider a hearsay statement if the statement could be reduced to admissible evidence at trial or reduces to admissible form, such as having the declarant testify directly to the matter at trial. *Id.* at 1293–94.

Here, the district court did not err in granting summary judgment to Warden Edelen and Assistant Warden Wood. Gaffney's primary evidence for his claims against them came from statements he introduced into the record *after* summary judgment was granted, and, in any event, those statements were inadmissible

hearsay.  *Bryant*, 614 F.3d at 1305–06; *Jones*, 683 F.3d at 1293–94. Further, Gaffney's claim that they knew of a policy that allowed officers to deny protections to inmates was not based on his personal knowledge, and was not otherwise supported by the record. *Garczynski*, 573 F.3d at 1165.  As a result, Gaffney has not shown that either Edelen or Wood knew of the false policy or a history of widespread abuse sufficient to put them on notice, nor has he established a causal connection by showing that they directed any of their subordinates to enforce such a policy.  *Gonzalez*, 325 F.3d at 1234.[2]  Accordingly, we affirm the district court's grant of summary judgment as to Warden Edelen and Assistant Warden Wood.

AFFIRMED.

---

[2] Finally, to the extent Gaffney complained about the prison grievance process in the district court, he does not raise these arguments in his initial brief, thus abandoning them on appeal. *Sapuppo*, 739 F.3d at 680.  Regardless, because "a prison grievance procedure does not provide an inmate with a constitutionally protected interest," Gaffney could not show that Edelen or Wood denied him due process of law merely by denying his formal grievance or otherwise violating those procedures. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).